JUDGE ALAN D. ALBRIGHT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA,

  *Plaintiff,*

  v.

BRANDON BERNARD,

  *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 6:99-CR-00070-ADA-2

**THIS IS A CAPITAL CASE**

**EXECUTION CURRENTLY SET FOR DECEMBER 10, 2020**

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING BRANDON BERNARD UNTIL APPEALS ARE COMPLETE

## I. MOTION

Before the government scheduled Mr. Bernard's execution, Mr. Bernard had sought to vacate his death sentence because the government hid *Brady* evidence throughout the trial and collateral review process. This court deemed the procedural aspect of the claim compelling, but not supported by Fifth Circuit precedent. This issue is still being litigated. Despite the ongoing litigation, the Attorney General directed the Bureau of Prisons to set a date to execute Mr. Bernard. The Attorney General's action in setting that date is contrary to the controlling statute, 18 U.S.C. § 3596(a), which dictates that no such date may be set until Mr. Bernard has exhausted his appeals of this Court's ruling. As set forth more fully below, the government effectively conceded this point in *United States v. Christopher Vialva.*

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2 Page | 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

The Attorney General set the execution date during a brief window of time when this Court's docket incorrectly suggested that all appellate review in Mr. Bernard's case was complete. The Attorney General may therefore have acted believing that all appellate proceedings had in fact been completed. Whatever the case, the government scheduled Mr. Bernard's execution when it lacked any statutory authority to do so. The government must therefore be enjoined from proceeding with Mr. Bernard's execution until all appellate review proceedings from this Court have concluded in due course. If necessary, the Court should also enjoin the government from setting any new execution date unless and until all appellate review of this Court's ruling is complete.

## II.   PROCEDURAL BACKGROUND

### A.   Trial and Subsequent Discovery of *Brady* Violation

In 2000, Brandon Bernard was tried for three capital crimes arising from the deaths of Todd and Stacie Bagley. Despite his being saddled with court-appointed attorneys who did little for him, the jurors spared his life on two of the three capital counts. In contrast, the jury sentenced Christopher Vialva – the individual the government has conceded was the ringleader of the offense – to death for all three capital counts. Mr. Vialva was executed on September 24, 2020.

In 2018, Mr. Bernard's post-conviction counsel discovered that the government had long been suppressing expert opinion testimony that directly contradicted the theory on which it had urged the trial jurors to sentence Mr. Bernard to death. Specifically, before Mr. Bernard's trial the government had consulted with gang expert Sgt. Sandra Hunt, who told the trial prosecutors

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTIN(
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

that in the hierarchy of the gang to which all the defendants charged in this case were alleged to belong, Mr. Bernard had occupied the very lowest position, far below either Mr. Sparks or Mr. Vialva. That Mr. Bernard teetered on the very periphery of the gang flatly contradicted the government's predictions of future dangerousness, which rested on the claim that Bernard yearned to be a "top dog" in the gang and thus would inevitably behave violently in prison if not sentenced to death.

The government's dire predictions of dangerousness have proven false,[1] but that is no solace for Mr. Bernard, who faces execution on December 10. That fate looms because the government –not simply throughout trial, but throughout the pendency of the entire collateral review process – failed to disclose Sgt. Hunt's exculpatory expert opinion. And the government kept silent about her expert opinion even as it falsely assured the Court that it

[1] Contrary to the government's arguments for death, Mr. Bernard has avoided any gang involvement and has been a model prisoner. In connection with Mr. Bernard's recently submitted Clemency Petition (attached as Exhibit 1), Mark Bezy, a former warden at the very institution where Mr. Bernard is now incarcerated, reviewed Mr. Bernard's BOP file. Mr. Bezy noted that Mr. Bernard has been allowed to work as an orderly, which reflects prison officials' confidence in his trustworthiness and good behavior, and that Mr. Bernard remarkably had not incurred a single disciplinary infraction during his time in the BOP (then 16 years). *See* Exhibit 1, Clemency Petition at 20-26; *id.* at 205-206 (Declaration of Warden Mark Bezy (Ret'd) at 2 (August 20, 2016)). In fact, beyond simply staying out of trouble, Mr. Bernard has used his time constructively, counseling other youth not to be led astray. Exhibit 1, Clemency Petition at 51-55; *id.* at 320-329 (Declarations of David and Michael Boyd and accompanying magazine article documenting Mr. Bernard's good works while in prison). As Mr. Bernard's Clemency Petition demonstrates, there are plentiful reasons to commute his death sentence under principles of simple fairness. While those reasons do not bear directly on the legal question before the Court, they nevertheless show that the relief Mr. Bernard requests is not only legally correct but will yield a just result.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2     Page | 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

had shared all such evidence through a purported "open file" discovery process that in fact did not meaningfully exist.

The government never disclosed Sgt. Hunt's opinion to anyone representing Mr. Bernard at any time. Mr. Bernard's current attorneys discovered it themselves by scouring the record of Tony Sparks' 2018 resentencing. The government used Sgt. Hunt's opinions for Mr. Sparks' resentencing because those opinions supported its view that Mr. Sparks' position within the gang justified a harsh sentence. During that resentencing, Sgt. Hunt explicitly noted that fifteen-year-old Tony Sparks in 1999 occupied a position of power, far above Mr. Bernard's lowly position in the gang. Judge Yeakel found Sgt. Hunt's opinions compelling and cited them as a basis for delivering Mr. Sparks a lengthy sentence. But the corollary to Judge Yeakel's conclusions about Mr. Sparks is that Sgt. Hunt's expert opinion that *Mr. Bernard* sat at the gang's very *lowest* level – far below both Mr. Vialva and Mr. Sparks – constitutes powerful mitigating evidence that Mr. Bernard's trial attorneys could have put to good use, if only the government had not suppressed it. Her expert opinion supports a finding that Mr. Bernard poses no threat of future dangerousness and was less culpable for the crimes against the Bagleys. Had the government not suppressed this evidence and had it instead been presented to the jury, that jury would no doubt have spared Mr. Bernard's life on all three counts.[2]

---

[2] This is not speculation. A majority of the surviving jurors have declared that they no longer believe a death sentence necessary given Mr. Bernard's lesser role in the crime, four of them urging outright that his death sentence be commuted. The presiding juror is praying that the President spares Mr. Bernard's life, and three other jurors have expressed similar views. Exhibit 1, Clemency Petition at 8-9, 29-21, 68-70 (Exhibits B and C to Clemency

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

### B. Mr. Bernard Filed a Second-In-Time § 2255 Petition Based on the *Brady* and *Napue* Violations, Which This Court Labeled as Procedurally "Compelling." The Fifth Circuit Denied That Appeal, But the Appellate Process is Ongoing.

Upon discovering this long-suppressed evidence, Mr. Bernard filed a motion before this Court contending, *inter alia*, that he should be allowed to litigate its impact on his sole death sentence.[3] Specifically, Mr. Bernard argued that the government had violated *Brady*[4] and *Napue*[5] by unconstitutionally suppressing Sgt. Hunt's expert opinion and misleading the jury about the true facts of Mr. Bernard's relationship to the gang. He maintained that this motion could not be construed as a successive petition, because governmental misconduct had prevented him from discovering the information in time to include the claim in his original § 2255 proceeding. He rested this theory on the Supreme Court case of *Panetti v. Quarterman*,[6] the broad reservoir of equitable power available to the Court under Rule 60, and the constitutional promise that the writ of habeas corpus will never be suspended. *See* dkt. 661 at 35-60. This Court found the procedural argument "compelling," but foreclosed by precedent. *See Order on Relief from Judgment* at 4, dkt. 664 (August 8, 2019). The Court ultimately transferred the motion

---

Petition), 77-78 (Exhibit E to Clemency Petition) and 206 (Exhibit L to Clemency Petition).

[3] Motion for Relief from Judgment, dkt. 661 (February 4, 2019).

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

[6] 551 U.S. 930 (2007).

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2     Page | 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

to the Fifth Circuit; Mr. Bernard appealed the transfer order, and on Sept. 9 the Fifth Circuit denied his appeal in an unpublished decision without addressing the merits of his *Brady* and *Napue* claims. *United States v. Bernard*, 820 F. App'x 309 (5th Cir. 2020).

### C.    Mr. Bernard's Execution Date Was Set During an Interval When This Court's Docket Incorrectly Reflected That All Appeals Taken from This Court Had Been Concluded.

On October 14, this Court dismissed Mr. Bernard's motion, apparently mistakenly believing that a mandate had issued and that all appellate avenues of relief had been exhausted. Judgment, dkt. 697. The time for filing for en banc consideration of the Fifth Circuit's ruling, however, had not yet run. Mr. Bernard's counsel emailed the Court explaining that it believed that the Court's dismissal was improvidently entered, given that the window had not yet closed for seeking en banc reconsideration, and that Mr. Bernard intended to seek such reconsideration of the important legal questions presented. *See* Exhibit 2, Email from Robert C. Owen to Austin Schnell (October 16, 2020). Hours later, the government, at a time when the docket still erroneously reflected that all collateral review proceedings had concluded, filed notice of its intent to execute Mr. Bernard fifty-five days later, on December 10. Dkt. 698.

On the next court day – Monday, October 19 – the Court vacated its dismissal order, noting that no mandate had yet been issued by the Fifth Circuit. Dkt. 699. On Friday, October 23, Mr. Bernard filed for en banc review of the Fifth Circuit's denial of his appeal. Two weeks later, on Friday, November 6, 2020, the Fifth Circuit denied en banc review of the issue that this Court declared to be "compelling." Mr. Bernard will now seek certiorari

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 6

to the United States Supreme Court to review the Fifth Circuit's judgment, since the Fifth Circuit has decided an important federal question in a way that conflicts with *Panetti*.[7] His due date for filing that petition is April 5, 2021.[8]

## III. ARGUMENT

### A. The Argument That Bernard's *Brady* and *Napue* Claims Should Not Be Barred from Consideration On Procedural Grounds Remains Compelling, and the Supreme Court Should Be Given an Opportunity to Consider It.

As this Court has recognized, Brandon Bernard made a compelling argument that he should be allowed to litigate his *Brady* claim: namely, the impact on his sentence of favorable evidence that the government unconstitutionally hid throughout his trial and his collateral review process. *See* Order, dkt. 664 at 4. At least one federal appellate panel and several concurring and dissenting judges from sister courts share the view that Bernard has advanced in his earlier motion, dkt. 661 – that under a straightforward reading of the Supreme Court's decision in *Panetti*, his motion must be allowed to proceed. *See Scott v. United States*, 890 F.3d 1239 (11th Cir. 2018) (unanimously reaching that conclusion, but finding itself bound to accept a prior panel's contrary conclusion); *Long v. Hooks*, 972 F.3d 442, 486 (4th Cir. 2020) (en banc) (Wynn, Thacker, and Harris, JJ.,

---

[7] *See* Sup. Ct. R. 10(c).

[8] Until further notice, because of the pandemic, the Supreme Court has extended the time for filing a petition of certiorari from 90 to 150 days from the lower court's final judgment. *See* Supreme Court Order List: 589 U.S. (March 19, 2020); Sup. Ct. R. 13.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 7

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

concurring) (calling, in light of *Scott*, for Fourth Circuit to reconsider its precedent that treats petitions raising such claims as successive); *Allen v. Mitchell*, 757 Fed. Appx. 482 (6th Cir. 2018) at \*4 (Moore, J. dissenting) ("[T]reating Allen's *Brady* claim as second or successive would incentivize state prosecutors to withhold materially exculpatory evidence until after a petitioner exhausts his initial federal habeas claims; . . . foreclosing adjudication unnecessarily restricts federal habeas review of *Brady* violations.").

As the cited opinions in *Scott*, *Long*, and *Allen* show, the subject of Mr. Bernard's ongoing appellate litigation undoubtedly presents an important federal question. Ruling against Mr. Bernard would not only allow the government to carry out a death sentence that it could not have obtained if it had played by the rules, but would incentivize other prosecutors to do what the prosecutors here did – suppress critical *Brady* evidence throughout the trial and the initial collateral review process, so as to deny a defendant any procedural vehicle to remedy the government's misconduct. It is no secret that in recent years a troubling number of *Brady* violations by the Department of Justice have come to light. The problem is so wide-ranging and acute that Congress unanimously passed and President Trump recently signed the Due Process Protection Act, legislation that compels all federal courts to remind government attorneys that complying with *Brady* is not an option, but an obligation.[9]

In a death penalty case such as this, the need for Mr. Bernard to be afforded these fundamental due process protections could hardly be greater.

---

[9] *See* Pub. L. No. 116-182 (2020); Fed. R. Crim. P. 5(f).

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 8

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

The government violated those basic constitutional guarantees throughout his trial and concealed those violations throughout his original § 2255 review process. There should be a remedy, and in seeking that remedy Bernard should be afforded the same appellate review rights as any other litigant, which includes the opportunity to seek review under the rules and procedures that apply to all cases. *See, e.g., Purkey v. United States*, 964 F.3d 603, 618 (7th Cir.) ("[T]he public interest is surely served by treating this case with the same time for consideration and deliberation that we would give any case. Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."), *reconsideration denied*, 812 F. App'x 380 (7th Cir. 2020), and *cert. denied*, No. (20A12), 2020 WL 4006838 (U.S. July 16, 2020). Indeed, the emerging division of judicial views on the issue in this case, see *Scott, Long, Allen, supra*, may become better formed by the time the Supreme Court considers Mr. Bernard's petition for certiorari. Thankfully, as we explain below, the governing statute guarantees that Bernard be afforded the same appellate review rights as everyone else, and that those rights will not be diminished by the setting of an execution date.

### IV.   18 U.S.C. § 3596 PROHIBITS THE SETTING OF AN EXECUTION DATE AT THIS TIME, GIVEN THE PREEXISTING LITIGATION AND ONGOING APPELLATE PROCESS.

Congress has dictated that the Attorney General must retain custody of a death-sentenced federal prisoner "until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." 18 U.S.C. § 3596(a). This language of "exhaustion of the procedures for appeal … and for review of the sentence" must necessarily include substantial collateral review proceedings that originate from the sentencing court.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2     Page | 9

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

It is hardly a controversial position that a death-sentenced prisoner must be entitled to one full round of § 2255 litigation. That full round, of course, necessarily includes the consideration of all non-successive § 2255 petitions. A contrary rule in this case would deprive Bernard – and any similarly situated litigant – of a full and fair consideration of *Brady* claims that undercut a sentence of death and that were unavailable earlier due to government misconduct. Such a rule would not only be perverse – since it would both reward and incentivize government misconduct – but it would also effectively divest from the Great Writ the ability to prevent the execution of unconstitutionally secured death sentences. In turn, this would render a capital litigant's ability to meaningfully challenge his death sentence under § 2555 into a hollow exercise.

The Supreme Court must be allowed to have the final word as to whether Mr. Bernard's motion can rightly be barred on successive-petition grounds, even though governmental misconduct prevented him from advancing his *Brady* and *Napue* claims earlier. And it must be allowed to have that final word before any execution date is set. *See* 18 U.S.C. § 3596(a). The government has effectively admitted this truth in a case it argued before this Court a little more than two months ago.

In *United States v. Christopher Vialva*, the government implicitly conceded that Mr. Bernard is entitled to complete the appellate processes related to his *Brady/Napue* motion before the Attorney General moves to execute him.[10] For example, in argument before the Court on September 3,

---

[10] This Court's ultimate conclusion that the government had not run afoul of the law in setting Mr. Vialva's execution date (dkt. 690) does not require the same result here. Mr. Vialva, unlike Mr. Bernard, was not in a statutorily protected procedural posture when the government scheduled his execution:

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 10

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

the Government acknowledged that a death-sentenced defendant must be afforded the opportunity to exhaust "all of his collateral review" proceedings before the Attorney General may set an execution date. Transcript of September 3, 2020 hearing (AUSA: "The only other requirement is that Mr. Vialva be able to exhaust *all of his appeals* and *all of his collateral review* before a date has been sent, and he has done that." (emphasis added) (transcript attached as Exhibit 3)). The government's briefing makes similar concessions. *See* Government's Response to Motion to Enjoin the Bureau of Prisons and U.S. Marshals Service from Executing Defendant, dkt. 680 at 10, *United States v. Vialva,* No. W-99-CR-0070(1)-ADA (August 25, 2020) ("Rather, as the judgment recognizes, an appeal would freeze Vialva's death sentence, and BOP's authority to schedule and proceed with the execution would thereafter be constrained by the statutory requirement of 'exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence,' 18 U.S.C. § 3596(a) . . ."); *id.* at 6 ("Nothing in the judgment suggests that those time limits also constrain the Attorney General's exercise of his discretion to set Vialva's execution date *after all avenues* for appeal and post-conviction review are exhausted." (emphasis in original as to "after," emphasis added for "all avenues")).

---

Mr. Vialva had no pending post-conviction proceeding pending, let alone one that stemmed from proceedings originating from this very Court. Mr. Vialva thus could not, and did not, advance the statutory argument presented here. Nevertheless, the government in *Vialva* repeatedly conceded the key point – namely, that the Attorney General lacks statutory authority to set an execution date until a death-sentenced prisoner has exhausted appellate review proceedings of the district court's sentence.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 11

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Here, unlike in *Vialva*, the Court is presented with a prisoner who has not "exhausted all of his appeals" and "all of his collateral review." As noted, Mr. Bernard's petition for certiorari to the Supreme Court falls due on April 5, 2021. No execution date may legally be set until the Supreme Court either grants review and conclusively determines that question or denies review. Only the occurrence of one of those two contingencies will "exhaust[] … the procedures … for review of the sentence" and vest the Attorney General with the authority to set a date to execute Mr. Bernard. *See* 18 U.S.C. § 3596(a).[11]

## V.    THE EXECUTION DATE ALSO CONTRAVENES THE TERMS OF THE JUDGMENT

The Attorney General's setting of an execution date in this case also offends this Court's judgment, which contains wording similar to the statutory language of 18 U.S.C. § 3596(a), obligating the Bureau of Prisons to retain custody of Mr. Bernard "until exhaustion of the procedures for appeal of the judgment of conviction and review of the sentences." Judgment

---

[11] As noted above, in choosing to schedule Mr. Bernard for execution the government may have inferred from events on this Court's docket that the Court had received the Fifth Circuit's mandate from its denial of Mr. Bernard's appeal of this Court's August 2019 transfer order, and thus that appellate proceedings were at an end. While that inference would have been factually mistaken (no mandate had yet issued from the Fifth Circuit), the issuance of the Fifth Circuit's mandate will not conclude the appellate proceedings on Mr. Bernard's *Brady* and *Napue* claims in any event. The fact that a mandate has issued from a federal Court of Appeals does not affect the jurisdiction of the Supreme Court to entertain a petition for certiorari seeking review of the lower court's judgment, or to grant that petition and reverse the decision below. *United States v. Perez*, 110 F.3d 265, 266 (5th Cir. 1997) ("The Supreme Court does not lose jurisdiction because the mandate of the court of appeals has issued") (citing, *inter alia*, *Aetna Casualty & Surety Co., et al., v. Flowers*, 330 U.S. 464, 467 (1947) ("Nor does the fact that the mandate of the Circuit Court of Appeals has issued defeat this Court's jurisdiction") (citations omitted)).

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 12

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

at 2, dkt. 290.[12] The judgment by its terms bars any execution until the "exhaustion of appeals." *Id.* For the reasons explained above, those appeals have not been exhausted. While this issue is straightforward, the Court should, if any clarification is needed, expressly declare that the stay contemplated by the judgment remains in full effect until the Supreme Court issues a definitive ruling on the compelling issue identified here.

Like Mr. Bernard's statutory arguments, this issue differs from the contentions that Mr. Vialva raised about the judgment, and which this Court rejected. Mr. Vialva contended that, *even with his appeal and collateral*

---

[12] The relevant portion of the judgment provides:

> As to Counts SS1, SS2, and SS3, the defendant is sentenced to LIFE without the possibility of release. As to Count SS4, the defendant is hereby committed to the custody of the U.S. Bureau of Prisons until exhaustion of the procedures for appeal of the judgment of conviction and review of the sentences. Upon exhaustion of appeals, the sentence of DEATH will be implemented by the defendant being released from the custody of the U. S. Bureau of Prisons to the custody of the United States Marshals, who shall supervise the execution of the defendant in the manner prescribed by the laws of Texas.

> The time, place and manner of execution are to be determined by the Attorney General, provided the time shall not be sooner than 61 days nor later than 90 days after the date of this judgment. If an appeal is taken from this conviction and sentence, execution of the sentence shall be stayed pending further order of this Court upon receipt of the mandate of the Court of Appeals.

> The defendant is hereby committed to the custody of the Bureau of Prisons and shall be confined until the sentence of execution is carried out.

Judgment at 2, dkt. 290.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTIN
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 13

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

*attack completed*, the stay mentioned in the judgment remained in effect.[13] He also maintained that the Attorney General could not set a date after 90 days had elapsed from the Judgment.[14] Mr. Bernard does not raise either of these arguments.

## VI.    THE COURT SHOULD ENJOIN THE GOVERNMENT FROM SETTING ANOTHER UNLAWFUL EXECUTION DATE.

Given the statutory language that outlaws the setting of any execution date in this case while Mr. Bernard's current appeal process is ongoing, as well as the government's past concessions on the issue, one would hope that the government would concede that it erred in scheduling Mr. Bernard's execution, withdraw the date and forego setting another until the Supreme Court has considered Mr. Bernard's forthcoming petition for certiorari. Because it may not, Mr. Bernard asks the Court explicitly to enjoin such conduct.

A preliminary injunction should be issued when the movant establishes "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, given the preexisting and ongoing litigation, the statute plainly does not presently vest the Attorney General with power to set an execution

---

[13] *See Vialva Motion* at 3 (dkt. 675).

[14] *Id.* at 8-10.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 14

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

date for Mr. Bernard. 18 U.S.C. § 3596(a). Mr. Bernard thus has convincingly demonstrated that he will prevail on the merits of this motion. And obviously he stands to suffer irreparable harm if the government sets and carries out an execution contrary to the protections of § 3596(a). His unlawful death would outweigh any interest the government could claim in rushing to execute him in a manner that offends congressional directives. Indeed, allowing the government to unlawfully proceed would harm the public interest, as it would undermine the public's respect for the law. That would surely be the effect of allowing the Attorney General to execute Mr. Bernard before he is afforded the due process provided by statute and by the appellate review processes routinely made available to all other litigants. And as noted by the *Purkey* court, *supra,* "the public interest is surely served by treating this case with the same time for consideration and deliberation that we would give any case." 964 F.3d at 618.

### VII.   CONCLUSION

The Court should enjoin the government from executing Mr. Bernard until the Supreme Court either decides the underlying procedural issue on the merits or declines to hear the case.

### VIII.   CERTIFICATE OF CONFERENCE

Assistant United States Attorneys Joseph Gay, Jr., Mark Frazier, and Mike Hardy have been advised of the relief requested in this motion on today's date. Counsel does not know the government's position.

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard,* 6:99-CR-00070-ADA-2     Page | 15

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Respectfully submitted,

Robert C. Owen                          John R. Carpenter
Law Office of Robert C. Owen            Asst. Federal Public Defender
53 W. Jackson Blvd., Ste. 1056          1331 Broadway, Suite 400
Chicago, IL 60604                       Tacoma, Washington 98402
(512) 577-8329                          (253) 593.6710
robowenlaw@gmail.com                    john_carpenter@fd.org

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 16

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all registered parties.

I further certify that I mailed one copy of the foregoing document to Defendant Brandon Bernard via U.S. mail.

s/ Amy Strickling, Paralegal
Federal Public Defender Office

MOTION TO ENJOIN THE GOVERNMENT FROM EXECUTING
BRANDON BERNARD UNTIL APPEALS ARE COMPLETE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 17

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**